J-S13031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| E5 SOLUTIONS GROUP, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| KURT GROTENHUIS, | |
| Appellant | No. 2754 EDA 2016 |

Appeal from the Judgment Entered August 12, 2016
in the Court of Common Pleas of Montgomery County Civil Division
at No(s): 2010-31397

BEFORE: BENDER, P.J.E., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED DECEMBER 15, 2017**

Appellant, Kurt Grotenhuis ("Appellant"), appeals from the judgment of the Montgomery County Court of Common Pleas ("trial court") ruling in favor of Appellee, e5 Solutions Group, LLC ("the Company"), on Count III of its amended complaint and granting attorney fees and costs to the Company in the amount of $466,294.00. We vacate this judgment, reverse the award of attorney fees and remand for further proceedings in accordance with this memorandum.

This matter has a tangled procedural history due to overlapping proceedings before the trial court and the arbitrator. We begin with an overview of the parties and their agreement.

---

[*] Former Justice specially assigned to the Superior Court.

The Company is a Pennsylvania limited liability company that performs consulting and design services for SAP Treasury Software. R.R. 42a.[1] Appellant is a former member and owner of an eight percent interest in the Company. *Id.* at 48a.

On January 15, 2010, Appellant signed an operating agreement ("Agreement") defining the terms of his membership with the Company. The terms relevant to this appeal are as follows. First, in Article XV, section 15.2, Appellant agreed not to disclose confidential information concerning the Company's business to any third party during or after his membership in the Company ("the non-disclosure clause"). *Id.* at 93a. Second, in Article XV, section 15.5, Appellant agreed that during the period in which he held an interest in the Company, and for two years thereafter, he would not attempt to interfere with the Company's business relationships ("the non-solicitation clause"). *Id.*

Third, Article XV, section 15.7, entitled "Injunctive Relief," provides:

> Recognizing the irreparable nature of the injury that could be caused by the Member's violation of the covenants contained in this Article XV, and that monetary damages would be inadequate compensation to the Company, it is agreed that any violation of this Article XV by a Member constitutes a proper subject for immediate injunctive relief, specific performance and other equitable relief to the Company without the need to post a bond. The prevailing party shall be awarded reasonable attorneys' fees and litigation costs. The Members consent to the jurisdiction of

---

[1] For the parties' convenience, we cite to the reproduced record whenever possible.

the Court of Common Pleas in the Commonwealth of Pennsylvania.

*Id.* at 94a.

Fourth, Article XV, section 15.8, entitled "Purchase of Interest," provides:

> If any Member whose Interest has been purchased and payment therefore has not been paid in full violates the nondisclosure or non-piracy/noncompetition provisions of this Article XV, the Company or purchasing Members, as the case may be, shall have the right to suspend payment. If the violation continues for thirty (30) days beyond notification to the Member of such violation, the Company or other Members shall have the right to acquire (or reduce the Purchase Price to have otherwise been paid) the Member's entire Interest for such Member's Capital Account balance. To the extent the breaching person is a former Member who has sold his Interest to the Company or Member, if such former Member has received any payments in excess of the above amount, the Member shall immediately repay such excess to the Company or the purchasing Members upon written demand and full title to the Interest shall be vested in the purchasing Company or Members without any further payment.

*Id.*

Fifth, Article XVIII, section 18.1 provides in relevant part:

> Except with disputes involving injunctive or other equitable relief, resolution of any and all disputes arising from or in connection with this Agreement, whether based on contract, tort, or otherwise, shall be exclusively governed by and settled in accordance with [arbitration in accordance with American Arbitration Association ("AAA") rules] . . .

*Id.* at 96a.

Finally, Article XVIII, section 18.2(ii) provides in relevant part:

> The prevailing party [in AAA arbitration] shall be awarded reasonable attorneys' fees and costs. The arbitration award shall be final and binding upon the parties. Judgment on the arbitration award may be entered in any court having jurisdiction thereof. The prevailing party shall be awarded all costs and expenses of litigation, including reasonable attorneys' fees and expenses . . .

*Id.* at 97a.

In June 2010, Appellant left the Company and sold his interest to other members of the Company in a purchase agreement, which called for monthly payments to Appellant for a five-year period. On October 26, 2010, the Company filed a complaint against Appellant in the trial court at No. 2010-31397 ("Case I"), claiming that Appellant violated the non-disclosure and non-interference clauses of the Agreement, before and after he left the Company, by misappropriating confidential information that belonged to the Company and interfering with the Company's relationships with existing clients. On November 22, 2010, the Company filed a three-count amended complaint against Appellant. *Id.* at 39a-62a. Counts I and II requested injunctions against further violations of the non-interference clause and non-disclosure clause, respectively. *Id.* at 55a-59a. Count III requested a declaratory judgment action that Appellant's violation of the non-disclosure and non-interference clauses entitled the Company to withhold further payments to Appellant under the June 2010 purchase agreement. *Id.* at 59a-62a.

Appellant filed preliminary objections to the amended complaint, asserting, *inter alia*, that the trial court lacked jurisdiction over Count III

because it was an equitable claim for relief and should proceed to arbitration. The trial court overruled Appellant's preliminary objections.

In 2012, Appellant commenced an action in the trial court at No. 2012-13005 ("Case II") alleging various claims against the Company for monetary damages. *Id.* at 670a. Subsequently, the Company filed a motion to compel Appellant to arbitrate Case II in accordance with Article XVIII, section 18.1 of the Agreement. *Id.*

On October 3, 2012, Appellant filed a motion for summary judgment in Case I, arguing that Counts I and II of the amended complaint were moot due to expiration of the two-year restrictive covenant in the non-interference clause. *Id.* at 208a-388a. Appellant also argued that the Company's action for declaratory judgment in Count III failed for lack of sufficient evidence. *Id.*

On November 2, 2012, the trial court ordered Appellant to prosecute his claims in Case II in AAA arbitration. *Id.* at 670a. In 2013, Appellant filed an AAA action against the Company in Case II seeking monetary damages for (1) breach of contract for failure to pay monies due and owing under the Agreement (the "Non-Payment Of Purchase Price Claim"); (2) breach of contract for failure to pay sums due in addition to the Agreement; and (3) and two claims of breach of fiduciary duty.[2] *Id.* at 1015a-1024a.

---

[2] Appellant filed other claims against the Company but withdrew them prior to the arbitration hearing.

The Company filed counterclaims in the Case II arbitration seeking declaratory and monetary relief for violation of the non-disclosure and non-competition clauses of the Agreement. *Id.* at 674a. In particular, as it did in Case I, the Company sought a declaration that it was entitled to suspend all payments due to Appellant under the Agreement due to his breach of the non-solicitation and non-interference clauses. *Id.*

On April 7, 2014, the arbitrator ruled that he would decide the Company's counterclaims if it obtained a stay of proceedings in Case I. On April 14, 2014, the Company filed a petition for stay in the trial court in Case I, asserting that its counterclaims in Case II were within the arbitrator's jurisdiction. The Company stated in relevant part:

> 3. In an arbitration commenced by [Appellant] now pending before the [AAA], the Arbitrator has determined that [the Company] may proceed with counterclaims which are essentially identical (except for damages relief) to [the Company's] remaining claims in this case and directed [the Company] to pursue this stay.
>
> *   *   *
>
> 6. In this case, [Appellant has] admitted that the remaining claims by [the Company] are within the scope of a valid arbitration agreement between the parties. Therefore, this case must be stayed pending arbitration.
>
> *   *   *
>
> 17. As Respondents, [the Company] and its individual members asserted counterclaims, including a counterclaim for breach of Sections 15.3 and 15.5 of the . . . Agreement, invoking the remedy provided in Section 15.8 and seeking money damages (the "Article XV Counterclaim"). The only difference between the Article XV Counterclaim in the AAA

Arbitration and Count III of the Amended Complaint in this action is that [the Company] and its members in the AAA Case Article XV Counterclaim seek an award of money damages which they cannot get in this Court because the exceptions to ADR in the Operating Agreement only allow pursuit in court of equitable relief.

Company's Pet. For Stay, 4/14/14, at ¶¶ 3, 6, 17.

On July 14, 2014, the Company filed a supplemental response to Appellant's pending motion for summary judgment in Case I. Therein, the Company admitted:

Given that the request for an injunction in Count I is now moot, [the Company's] remaining claim for a declaratory judgment [in] Count III of the amended complaint . . . is subsumed in [the Company's] counterclaim for damages in the [a]rbitration in the form of the remedy provided for in section 15.8 of the [Agreement].

R.R. 674a. In a footnote, the Company explained that its claims for injunctive relief in Counts I and II of the amended complaint were moot:

Discovery after [the Company's] initial response to the summary judgment motion has not revealed any further non-disclosure violations by [Appellant] beyond those identified in [the Company's] initial memorandum[,] and herein, the violations do not involve any continuing use of confidential information[,] and [Appellant] claim[s] that [he] took no other confidential information . . . Thus, there is no present need for injunctive relief under Count II of the amended complaint[,] and the fact of the violation of the non-disclosure provision can be resolved by arbitration.

*Id.*

In an order dated July 22, 2014, the trial court dismissed Counts I and II in Case I as moot "by agreement of the parties."[3] *Id.* at 1003a. The trial court denied summary judgment to Appellant in the declaratory judgment action in Count III. *Id.*

On August 1, 2014, the trial court granted the Company's motion for stay of proceedings in Case I. *Id.* at 13a.

On April 24, 2015, following an evidentiary hearing, the arbitrator entered a partial final award in Case II against Appellant on all of his claims.[4] *Id.* at 1013a-1030a. The arbitrator found in favor of the Company on its counterclaim for declaratory judgment seeking a declaration of its right to

---

[3] The Company did not appeal the dismissal of Counts I and II.

[4] In Section III of his opinion, the arbitrator rejected Appellant's Non-Payment Of Purchase Price Claim on the ground that Appellant forfeited this payment by violating the non-interference clause. *Id.* at 1015a-1020a. In Section IV, the arbitrator denied Appellant's claims for monies due in addition to the purchase agreement on the ground that the Agreement did not contemplate payments in addition to the purchase price. *Id.* at 1020a-1023a. In Section V, the arbitrator concluded that the Company did not breach its fiduciary duty to Appellant by declining to give him a subcontract to complete a project for one of the Company's clients, because (1) the Company was not under any obligation to offer Appellant a subcontract; (2) any breach of such obligation would be a breach of contract, not a breach of fiduciary duty; and (3) a subcontract would not have been in the Company's best interests due to the parties' strained relationship. Moreover, the arbitrator determined that the Company did not breach its fiduciary duty in connection with preparation of a notice of sale of Section 751 property accompanying Appellant's 2010 Form K-1, because (1) the Company's accountants prepared this notice instead of the Company itself, and (2) Appellant was not bound by this notice and was free to take a different position with the IRS. *Id.* at 1023a-1024a.

suspend the remainder of the purchase price. *Id.* at 1024a. The arbitrator granted this counterclaim "for reasons discussed in Section III,"[5] the section that rejected Appellant's Non-Payment Of Purchase Price Claim.[6] The arbitrator determined that the Company was the prevailing party in the arbitration because it prevailed on all of Appellant's claims and one of its counterclaims. *Id.* at 1027a. Accordingly, the arbitrator directed Appellant to pay all of the Company's reasonable attorney fees and costs incurred in the arbitration. *Id.*

On June 22, 2015, the arbitrator entered a final award in Case II granting the Company $344,120.86 in attorney fees and costs. *Id.* at 1033a-1034a. On July 23, 2015, the Company filed a petition in the trial court to enter judgment on the arbitration award in Case II. On October 6, 2015, the trial court granted this petition, stating: "[The Company's] counterclaim for a declaration entitling them to suspend all further payments under the . . . Agreement is granted." *Id.* at 1166a. The trial court entered judgment in favor of the Company and against Appellant in the amount of $344,120.86 "in accordance with the final award of [the] arbitrator allowing [the Company] to recover attorneys' fees and costs." *Id.* at 1167a. Appellant did not appeal the judgment in Case II.

---

[5] *See supra* note 4.

[6] The arbitrator denied the Company's two other counterclaims.

On September 9, 2015, the Company filed a petition in Case I to enter judgment on the arbitration award in favor of the Company and against Appellant on Count III of the amended complaint. *Id.* at 1152a-1159a. The trial court granted the Company's petition and scheduled a hearing to determine reasonable attorney fees and costs. The Company filed a verification seeking attorney fees and costs in the amount of $466,294.00 in attorney fees and costs. *Id.* at 1307a-1322a.

On June 30, 2016, following a hearing, the trial court awarded the Company $66,111.13 in Case I for fees and costs that the Company spent in the trial court litigating its claims for equitable relief in Counts I and II of its amended complaint. *Id.* at 1442a. On July 15, 2016, the Company filed a motion for reconsideration, arguing that the Agreement required Appellant to pay fees for "any claims brought, whether in arbitration . . . or in [the trial] court." *Id.* at 1450a.

On July 26, 2016, the trial court granted the Company's motion for reconsideration in Case I and awarded the Company $466,294.00 in fees and costs. *Id.* at 1601a-1602a. On August 12, 2016, the Company entered judgment in this amount. *Id.* at 1603a-1605a. Appellant filed a timely notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises three issues in this appeal:

> 1. Whether the [trial] court erred in failing to sustain Appellant's preliminary objection to count III of [the Company's] amended complaint seeking a declaratory judgment[in Case I,] where the agreement at issue provides

that only claims seeking equitable relief may be pursued in the court of common pleas?

2. Whether the [trial] court erred in denying summary judgment on count III of [the Company's] amended complaint seeking declaratory judgment[in Case I,] as the relief sought was not an action in equity[,] thus depriving the court of jurisdiction pursuant to the agreement at issue[,] and where the arbitrator had directed [the Company] to withdraw the claim in the court of common pleas?

3. Whether the [trial] court erred in granting reconsideration of its June 30, 2016[] order[in Case I,] as no new evidence or legal theory was advanced and the court was not bound by the prior rulings of a judge sitting in a coordinate jurisdiction as the prior ruling was in error.

Appellant's Brief at 1.

This appeal boils down to one question: having obtained a judgment in Case II for $344,120.86 in attorney fees and costs, can the Company recover additional attorney fees based on the judgment in its favor on Count III in Case I?  Appellant suggests that the Company is not entitled to any more fees and costs in Case I because it won all of its fees and costs in Case II.  **See** Appellant's Brief at 17.  We conclude that it might be possible for the Company to obtain additional fees in Case I, but perhaps considerably less than the trial court awarded.

"Under the American Rule, applicable in Pennsylvania, a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties, or some other established exception." ***Trizechahn Gateway, LLC v. Titus***, 976 A.2d 474, 482-83 (Pa.

2009) (citation omitted). We review orders granting attorney fees and costs for abuse of discretion. *See Boehm v. Riversource Life Ins. Co.*, 117 A.3d 308, 335 (Pa. Super. 2015).

Here, section 15.7 of the Agreement provides that the "prevailing party" in any action for injunctive relief in the trial court shall receive attorney fees, and section 18.2(ii) provides the same relief to the "prevailing party" in an arbitration of contract or tort claims. In short, the Agreement provided that the parties would litigate all injunction and equity disputes in the trial court and all other disputes in AAA arbitration, but no matter where the parties chose to litigate, the prevailing party had the right to obtain attorney fees and expenses from the losing party. Thus, there is a "clear agreement of the parties" relating to recovery of attorney fees. *Trizechahn Gateway*, 976 A.2d at 482-83.

At first, the trial court awarded $66,111.13 in fees and costs to the Company in Case I. The trial court later explained that this award represented the fees that the Company spent on Counts I and II of its three-count amended complaint in Case I. Trial Ct. Op., 10/27/16, at 3. Subsequently, the trial court granted the Company's motion for reconsideration and awarded $466,294.00 in fees and costs, seven times more than its original award. The court explained that the jump from $66,111.13 to $466,294.00 represented the fees spent in prosecuting Count III, the action for declaratory judgment in Case I.

We have several concerns with the trial court's reasoning that necessitate a remand for further proceedings. To begin with, the Company is not the prevailing party on Counts I and II, and cannot recover fees and costs on these counts, because the trial court dismissed them as moot. *See Profit Wize Marketing v. Wiest*, 812 A.2d 1270, 1275 (Pa. Super. 2002) (plain and unambiguous meaning of "prevail" requires plaintiff to "triumph" or "win[;]" thus, plaintiff did not prevail where trial court never reached merits of case or vindicated plaintiff's position).

The Company did prevail in its declaratory judgment in Count III because the trial court entered judgment in its favor on this count. Even so, it is important to remember that (1) the Company admitted that Count III was "subsumed" in its declaratory judgment claim in Case II, and (2) the Company has already prevailed in Case II and has been awarded attorney fees and costs in that case. Consequently, the Company cannot obtain fees and costs relating to Count III that duplicate fees and costs that it won in Case II. We leave it to the trial court to determine in the first instance whether any fees or costs related to Count III are different from fees and costs that the Company won in Case II.

Judgment vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/15/17</u>